# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREAT AMERICAN E&S INSURANCE CO.,**<br>    **Plaintiff,**<br><br>        v.<br><br>**JOHN P. CAWLEY, LTD., d/b/a CAWLEY'S IRISH PUB AND RESTAURANT; JOHN CAWLEY; ANN MARIE CAWLEY; MATTHEW CRAWFORD; and VINCENT TOMASSETTI,**<br>    **Defendants.** | **CIVIL ACTION**<br><br>**NO. 10-4853** |

**DuBOIS, J.**                                                                                            **June 2, 2011**

## M E M O R A N D U M

### I.    INTRODUCTION

This case arises out of a bar fight in Upper Darby, Pennsylvania.  In the underlying action, pending in the Delaware County Court of Common Pleas, Matthew Crawford and Vincent Tomassetti seek damages from John P. Cawley Ltd., d/b/a Cawley's Irish Pub and Restaurant ("Cawley's Irish Pub"), and its owners, John and Ann Marie Cawley.  In the instant action, Great American E&S Insurance Co. ("Great American") seeks a declaration that it is not obligated to provide a defense and indemnity in the underlying lawsuit against Cawley's Irish Pub and its owners.

Great American has moved for summary judgment against Cawley's Irish Pub and John and Ann Marie Cawley (collectively "the Cawley defendants") and for an entry of default against

-1-

two non-appearing defendants, Vincent Tomasetti and Matthew Crawford. For the reasons given below, both motions are granted.

## II.     BACKGROUND[1]

In July 2010, Matthew Crawford and Vincent Tomassetti initiated a lawsuit in the Delaware County Court of Common Pleas against several parties, including Cawley's Irish Pub. (Pl.'s Statement of Undisputed Facts ¶ 1.) In that action, Crawford and Tomassetti allege that on July 19, 2008 they were physically attacked at Cawley's Irish Pub and that the injuries they sustained were the result of negligence on the part of the Cawley defendants. (Id. ¶¶ 5-8.) Crawford and Tomasetti allege a number of theories of liability against the Cawley defendants, all of which are based on the Cawley defendants (1) permitting the men who allegedly attacked Tomasetti and Crawford to become intoxicated at Cawley's Irish Pub, (2) failing to take reasonable steps to protect Tomasetti and Cawley, and (3) violating of the Pennsylvania Dram Shop Act, 47 Pa. Cons. Stat. § 4-493. (Id. ¶¶ 4-8.) The Cawley defendants subsequently tendered defense of that action to their insurer, Great American. (Id. at ¶¶ 2, 3.)

In this action Great American seeks a declaration that it is not obligated to defend or indemnify the Cawley defendants, arguing that the insurance agreement between the parties disclaims liability for the claims asserted in the underlying suit. Presently before the Court are Great American's Motion for Default Judgment as to Defendants Matthew Crawford and Vincent Tomasetti (Doc. No. 9, filed January 14, 2011) and Motion for Summary Judgment of Plaintiff, Great American E&S Insurance Company (Doc. No. 10, filed January 14, 2011). By

---

[1] The factual background is taken from plaintiff's Statement of Uncontested Facts. (Doc. No. 14 at 10-17, filed January 14, 2011.) Defendants have not objected to any averments in Plaintiff's Statement of Uncontested Facts.

letter dated February 22, 2011, counsel for the Cawley defendants advised the Court that his clients did not intend to file a response to the motion for summary judgment. Both motions are ripe for review.

The Court will first address the preliminary question of whether declaratory judgment is an appropriate remedy in this case. It will then proceed to consider the motion for summary judgment and the motion for default judgment.

### III. DECLARATORY JUDGMENT

#### A. Legal Standard

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. The Third Circuit has set out the following guidelines for the exercise of discretion under the Declaratory Judgment Act: "(1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies." Terra Nova Ins. Co. v. 900 Bar., Inc., 887 F.2d 1213, 1224 (3d Cir. 1989) (citation omitted); United States v. Pa. Dep't of Envtl. Res., 923 F.2d 1071, 1075 (3d Cir. 1991).

#### B. Analysis

The Court concludes that all four of the factors enumerated in Terra Nova Ins. Co. favor declaratory judgment as an appropriate remedy in this case. First, a declaratory judgment promises to eliminate the uncertainty of Great American's obligations by making clear whether it has an obligation to defend or indemnify the Cawley defendants in the underlying suit. This, in turn, would serve the convenience of the parties because it would alert the Cawley defendants to

the need to prepare their own defense in the underlying action and to make financial preparations for a possible court award or settlement. Third, the public, including all of the parties to the underlying suit, have an interest in resolving the uncertainly of Great American's obligations because that uncertainty threatens to delay the state court proceedings and frustrate settlement discussions. Lastly, there are no other remedies that will resolve the uncertainty of Great American's position without significant cost and inconvenience to all of the parties and the public. Thus, the Court concludes that declaratory judgment is an appropriate remedy in this case.

## IV. MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

In considering a motion for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). The party opposing the motion, however, cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim. Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). After examining the evidence of record, a court should grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

A factual dispute is material when it "might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

B. Analysis

Great American argues that the insurance policy at issue expressly disclaims any duty to defend or indemnity for the torts alleged in the underlying suit. The insurance policy issued by Great American to Cawley's Irish Pub contains two relevant exclusions from coverage. The first of these excludes acts of physical violence against persons:

> ASSAULT AND/OR BATTERY EXCLUSION
>
> It is agreed that this insurance does not apply to any liability arising out of assault and/or battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the Insured, his employees, patrons or any other person.
>
> Furthermore, there is no coverage for assault and/or battery claim against the Insured if the claim is based on the alleged failure of the Insured to protect individuals whether or not patrons, or involves the negligent selection, training, employment, supervision or control of any individual.

(Mot. for Summ. J., Ex. B., Endorsement IEX-68.)

The second relevant provision has the heading "Liquor Liability" and excludes the following:

> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
> (1) causing or contributing to the intoxication of any person;
> (2) the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
> (3) any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
> This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

(Id. at 2 of 19.)

A separate policy provision states that Great American has no duty to defend Cawley's Irish Pub against claims that are not covered. (Id. at 1 of 19.)

Exclusions from coverage are only enforceable if they are "clearly worded and conspicuously displayed." Canal Ins. Co. v. Underwriters at Lloyd's London, 435 F.3d 431, 436 (3d Cir. 2006) (quoting Standard Venetian Blind Co. v. Am. Empire Ins. Co., 469 A.2d 563, 567 (Pa. 1983)). The policy provisions in the agreement between Great American and the Cawley defendants are conspicuous and unambiguously exclude coverage and the duty to defend for the claims asserted in the underlying litigation. Ample case law supports their enforceability. See, e.g., Alea London, Ltd. v. Woodlake Mgmt., 365 F. App'x 427 (3d Cir. 2010); Unionamerica Ins. Co. v. Lim, No. 99-cv-4302, 2000 U.S. Dist. LEXIS 10698 (E.D. Pa. Aug. 1, 2000); Acceptance Ins. Co. v. Seybert, 757 A.2d 380, 383 (Pa. Super. Ct. 2000).

The provisions concerning assault and battery and liquor liability clearly exclude coverage for claims arising out of assaults or out of the service of alcohol. There can be no doubt that the claims asserted in the underlying suit, all of which arise out of the alleged assault by Crawford and Tomasetti, are not covered by the policy. Thus Great American no duty to defend or indemnify the insureds.

The Court thus concludes that there is no disputed issue of material fact on the question of whether Great American must defend or indemnify the Cawley defendants in the underlying litigation. Accordingly, Great American's Motion for Summary Judgment is granted.

V.     **MOTION FOR DEFAULT JUDGMENT**

Great American moves for default judgment against Crawford and Tomassetti, the plaintiffs in the underlying tort suit pending in the Court of Common Pleas. Crawford and Tomasetti have failed to appear or defend in this action, and the Clerk of Court entered default against them on December 2, 2010.

   A.  Legal Standard

Federal Rule of Civil Procedure 55 governs the entry of default judgment. Rule 55 provides that default judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). The Court is to consider three factors in deciding whether to enter default judgment: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

A party who has made a proper showing under Rule 55 is not entitled to default judgment as of right; the entry of default is left to the discretion of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). In exercising that discretion, the Court is mindful of the Third Circuit's stated preference "that cases be disposed of on the merits whenever practicable." Id. at 1181.

   B.  Analysis

After analyzing the factors outlined in Chamberlaine, the Court concludes that the entry of default judgment against Tomasetti and Crawford is appropriate under the circumstances of this case. The first factor, prejudice to the moving party if default judgment is denied, strongly

favors granting default judgment.  Great American's purpose in commencing this suit was to resolve the uncertainty of its obligation to indemnify the Cawley defendants in the underlying action, relief to which the Court has concluded Great American is entitled.  Great American's interest in clarity and finality would be substantially undermined if the Court's ruling could not be applied to Crawford and Tomasetti, who might attempt to relitigate the issue against Great American in the future.  The second factor also favors the entry of a default judgment because Tomasetti and Crawford do not have any litigable defenses to Great American's request for a declaratory judgment.  As noted above, the relevant policy exclusions, which exclude coverage for claims arising out of assaults or the provision of alcohol, are clearly written and clearly enforceable.  Under the admitted facts, there is no duty to defend or indemnify the insureds in the underlying suit.  The third factor – "whether defendant's delay is due to culpable conduct . . . taken willfully and in bad faith," Chamberlain, 210 F.3d at 164 – is at most a neutral factor.  The Court has no information related to the motivations of Crawford and Tomasetti in failing to appear and defend.

The Court concludes that entry of default judgment is appropriate against Crawford and Tomasetti.  Accordingly, plaintiff's motion for default judgment is granted.

## VI.   CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment against the Cawley defendants and plaintiff's motion for default judgment against Crawford and Tomasetti are granted.  An appropriate order follows.